COOPER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.    October 7, 1918.)

No. 3119.

PUBLIC LANDS ⊛⇒29—RESERVED LANDS—RIGHTS OF HOMESTEAD APPLICANT.
    Where the statute opening an Indian reservation to settlement author-
    ized the Secretary of the Interior to reserve land for town sites and the
    proclamation issued pursuant thereto in terms applied only to unreserved
    land, no rights on a tract reserved for a town site can be acquired by a
    homestead application.

In Error to the District Court of the United States for the North-
ern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by the United States against C. A. Cooper. Judgment for
the United States, and defendant brings error. Affirmed.

C. A. Cooper, of Plummer, Idaho, and W. H. Batting, of Cœur
d'Alene, Idaho, for plaintiff in error.

J. L. McClear, U. S. Atty., of Boise, Idaho, and John R. Smead,
Asst. U. S. Atty., of Idaho City, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The government brought this action in the
court below to oust the defendant thereto (plaintiff in error here)
from the S. E. ¼ of section 18, township 46 north, range 4 west
of Boise meridian; the defendant being in possession of the land
and claiming the right to such possession under the homestead laws.
A jury was waived and the case submitted to the court upon the agreed
facts. Those showed that the piece of land in question is within
that portion of the Cœur d'Alene Indian reservation in Kootenai coun-
ty, Idaho, which the act of Congress of June 21, 1906 (34 Stat. 335,
337, c. 3504), provided should be opened to settlement and entry by
proclamation of the President, and which proclamation should pre-
scribe the time when and the manner in which the lands might be
settled upon, occupied, and entered by persons entitled to make en-
try thereof. That act of Congress also provided at the page last
cited:

"That the Secretary of the Interior shall reserve from said lands, whether
surveyed or unsurveyed, such tracts for town-site purposes as in his opinion
may be required for the future public interests, and he may cause any such
reservations, or parts thereof, to be surveyed into blocks and lots of suitable
size, and to be appraised and disposed of under such regulations as he may
prescribe, and the net proceeds derived from the sale of such lands shall be
paid to said Indians as provided in section 7 of this act."

Pursuant to the authority thus vested in the Secretary of the In-
terior, the latter, on July 15, 1907, withdrew the whole of section 18,
township 46 north, range 4 west, of the Cœur d'Alene Indian res-
ervation, for the Plummer town site. Pursuant to the authority vest-
ed in the President by the act of June 21, 1906, and other acts of
Congress relating to other Indian reservations, the President, on May
22, 1909 (36 Stat. 2494), issued his proclamation by which he did

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thereby "prescribe, proclaim, and make known," among other things, that—

"All the nonmineral, unreserved lands classified as agricultural lands, grazing lands and timbered lands in the Cœur d'Alene Indian reservation in the state of Idaho, under the act of Congress approved June 21, 1906 (34 Stat. 335), shall be disposed of under the provisions of the homestead laws of the United States and said acts of Congress and be opened to settlement and entry in the following manner and not otherwise"—specifying the conditions and requirements.

By act of August 4, 1916 (39 Stat. 435, c. 268), entitled "An act authorizing the Secretary of the Interior to subdivide a part of the town site of Plummer, Idaho, and for other purposes," that officer was authorized and directed to cause to be subdivided that part of the town site of Plummer, Cœur d'Alene reservation, Idaho "(which town site was created under the act of June twenty-one, nineteen hundred and six, Thirty-fourth Statutes at large, pages three hundred and twenty-five and three hundred and thirty-seven), described as the southeast quarter of section eighteen, township forty-six north, range four west, into streets or roads and into tracts of not exceeding five acres each, and to cause the tracts to be appraised, except such as are hereinafter reserved for the town of Plummer, and sold at not less than their appraised value." The act last referred to also made various provisions for the benefit of the town of Plummer, in the way of waterworks, schoolhouses, and a park.

It is agreed that the southeast quarter of the section so reserved for the Plummer town site has never been subdivided into lots and blocks, and that on May 12, 1910, the plaintiff in error, Cooper, tendered to the United States land office at Cœur d'Alene, Idaho, a homestead application therefor, the serial number of which was 04640, which application was rejected by the local land office, an appeal from which rejection was taken May 13, 1910. On the 18th of the next month—June 18, 1910—the Commissioner of the General Land Office affirmed the action of the local land officers, on the ground that the quarter section applied for was embraced within the town site of Plummer. The stipulation contained a recital of these further facts:

"January 7, 1911, the General Land Office called upon the local land office for a report in connection with Cooper's case, and on February 16, 1911, the local office reported that no appeal had been taken on the General Land Office decision dated June 4, 1910. March 11, 1911, the General Land Office finally rejected the tendered application No. 04640, so filed May 12, 1910, and closed the case."

More than four years thereafter, to wit, August 20th, 1915, the plaintiff in error, Cooper, "filed a new homestead application, Serial No. 09792," for the land in question, which application was rejected by the officers of the local land office, from which ruling the applicant filed on the same day an appeal to the Commissioner of the General Land Office, by which officer the applicant was allowed to file written arguments in support of his appeal. Thereafter, and on September 15, 1916, the Commissioner rendered his decision, holding that the land, being included within the town site of Plummer,

was not subject to homestead entry, thereby sustaining the ruling of the local land office. The applicant being allowed an appeal to the Secretary of the Interior from that decision of the Commissioner, such appeal was taken November 29, 1916, where it remains pending.

If the land in suit could be properly regarded as public land, subject to disposal under the general laws of the United States, we should be obliged to reverse the judgment appealed from, and to direct a dismissal of the action, on the authority of the cases of United States v. Devil's Den Cons. Oil Co. and Lost Hills Mining Co. v. United States, 251 Fed. 548, 163 C. C. A. 542, recently decided by us, and cases there cited. But, as will have been seen from the above-mentioned legislation, and from the proclamation of the President, it was only "nonmineral unreserved lands classified as agricultural lands, grazing lands, and timber lands in the Cœur d'Alene Indian reservation" that were authorized to be disposed of under the provisions of the homestead laws of the United States, and according to the agreed fact the whole of the section embracing the quarter section here in suit was, by express statutory authority, duly reserved for town-site purposes by the Secretary of the Interior July 15, 1907. The land in controversy was not, therefore, subject to sale or other disposal under general laws at the time of either of the homestead applications of the plaintiff in error, and that only lands of the latter character ever were subject to homestead entry is too well settled to admit of question.

The judgment is affirmed.